J-S31034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD CECIL WALKER | |
| Appellant | No. 1643 MDA 2014 |

Appeal from the PCRA Order of August 27, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004801-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED JUNE 19, 2015**

Edward Cecil Walker appeals the August 27, 2014 order dismissing his petition without a hearing under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel for Walker has petitioned the Court for leave to withdraw as counsel upon the basis that Walker's issues on appeal are wholly frivolous.  We grant the petition for leave to withdraw as counsel, and we affirm the PCRA order.

The relevant facts and procedural history of this case are as follows: Walker was arrested on September 21, 2012, and remained imprisoned until he entered a guilty plea to one count of possession of a controlled substance with intent to deliver[1] ("PWID") on May 7, 2013.  That same day, he was

---

[1]     35 P.S. § 780-113(a)(30).

sentenced to 230 days to twenty-three months' imprisonment;[2] however, Walker received 230 days' credit for time served.[3] Walker did not timely file a direct appeal.

On June 12, 2013, Walker filed a *pro se* memorandum of law, which the PCRA court considered as a petition for PCRA relief. On June 21, 2013, the PCRA court appointed Allen Daringer, Esq. as counsel for Walker. On August 1, 2013, Walker filed a *pro se* Writ of Error *Coram Nobis*, which the PCRA court dismissed as violating the prohibition on hybrid representation. Attorney Daringer filed a **Turner**/**Finley** brief and a petition to withdraw as counsel on August 14, 2013.[4] On January 2, 2014, the PCRA court filed a notice of intent to dismiss Walker's PCRA petition without holding a hearing pursuant to Pa.Crim.P 907(4) and, on the same day, granted Attorney Daringer's petition to withdraw as counsel.

Richard Maurer, Esq. entered an appearance to represent Walker on June 18, 2014. On August 27, 2014, the PCRA court denied Walker's PCRA petition without holding an evidentiary hearing. On October 1, 2014,

---

[2] Walker was not sentenced to any further probation following his imprisonment.

[3] Notably, Walker is not a United States citizen, and a collateral consequence of his guilty plea is that deportation proceedings have commenced against him. **See** 8 U.S.C.A. § 1227(a)(2)(B).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

Attorney Maurer filed a petition to withdraw as counsel, which the PCRA court granted the following day. Soon after, Walker retained Osmer Deming, Esq., who is currently serving as his counsel.

On September 26, 2014, Walker timely filed a notice of appeal from the dismissal of his PCRA petition. On September 30, 2014, the PCRA court directed Walker to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Walker timely filed on October 20, 2014. On October 27, 2014, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) in response to Walker's concise statement.

On December 29, 2014, Attorney Deming filed an **Anders**[5] brief with this Court in which he presented issues that might arguably support an appeal. In filing his **Anders** brief, Attorney Deming presented issues that might arguably support an appeal; however, we observe that, when appealing an order denying PCRA relief, a **Turner**/**Finley** no-merit letter is appropriate. **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Nonetheless, Attorney Deming's mistaken designation is of no moment to us. **See Commonwealth v. Widgens**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super.

---

[5] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* **Commonwealth v. Santiago**, 987 A.2d 349 (Pa. 2009).

2004) (accepting appellant's **Anders** brief in lieu of a **Turner**/**Finley** no-merit brief, because an **Anders** brief provides greater protection to a criminal appellant). Accordingly, because this is an appeal from a PCRA order, we will treat Attorney Deming's brief as a **Turner**/**Finley** brief.

We first consider whether counsel has complied with the requirements that our courts have established in order for appointed counsel to be released pursuant to **Turner** and **Finley**. We previously have explained this procedure as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley** and] . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court — [PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted).

In his brief, counsel sets forth the issues as to which Walker seeks our review on appeal. **See** Brief for Walker at 6. Counsel also has set forth the

history of Walker's case thoroughly. *Id.* at 7-11. Walker's counsel has also reviewed the applicable statutes, case law, and rules of procedure. *Id.* at 12-18.

Following a review of the record and the applicable law, Walker's counsel ultimately has concluded that Walker is not eligible for PCRA relief. *Id.* at 19 ("After a thorough review of the record in this matter, counsel cannot find sufficient evidence to support [Walker's] claim on appeal."). Accordingly, counsel has filed a petition for leave to withdraw as counsel on the same day that he filed his brief. Petition for Leave to Withdraw as Counsel, 12/29/2014, at unnumbered page 2 ¶ 3. Attached to the petition is a copy of his letter to Walker, advising him of counsel's intent to seek withdrawal as his counsel, and of Walker's right to retain new counsel, or to proceed with his appeal *pro se*, and providing him with a copy of the brief filed with this court. *See id.* at Attachment. Walker has not responded to counsel's petition for leave to withdraw, and is currently being detained by the United States Immigrations Customs and Enforcement ("ICE").

Based upon the foregoing, we conclude that counsel has complied substantially with the *Turner*/*Finley* requirements. *See Doty*, 48 A.3d at 454. However, before passing upon counsel's motion to withdraw, we must first conduct our own independent review of the record, beginning with the claims raised by Walker.

In his brief, counsel identified two potential questions for our review:

1. Did the [PCRA] court err in dismissing [Walker's] PCRA petition, without an evidentiary hearing, when the petition alleged ineffective assistance of counsel, given that the consequences of the plea could easily be determined from the federal removal statute such that there was no doubt that a guilty plea would definitely result in deportation, in violation of [**Padilla v. Kentucky**, 559 U.S. 356 (2010)], and [Walker] was denied an opportunity to present evidence on what his lawyer actually told him?

2. Did the [PCRA] court err in dismissing [Walker's] PCRA petition, alleging ineffective assistance of counsel, given the evidence of record at the guilty plea and sentencing hearing of defense counsel's statement that "hopefully that with new case law . . . he may be able to stay" in the United States, when in fact there was no such hope?

Brief for Walker at 6 (capitalization omitted).

Preliminarily, we must first determine if Walker is eligible for relief under the PCRA:

Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. §9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa. Super. 2003). In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. **Id.** at 716 (citations omitted).

**Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009) (quoting **Commonwealth v. Hart**, 911 A.2d 939, 941-42 (Pa. Super. 2006)).

The Commonwealth, in its brief, avers that Walker is no longer eligible for relief because he has completed serving his term of incarceration, and he is not serving a term of probation or parole. Brief for Commonwealth at 5-6. We agree.

Counsel for Walker does not address this issue in his brief; however, our review of the record revealed that Walker received 230 days credit for time served dating back to his original arrest and confinement on September 21, 2012. Accordingly, Walker's maximum sentence concluded on August 21, 2014.[6]

In reviewing his claims, Walker relies upon the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), to support his ineffective assistance of counsel claim that his attorney failed to advise him that his guilty plea would result in his deportation. Brief for Walker at 13. In *Padilla*, the Court held that counsel provided ineffective assistance by failing to advise the defendant that his guilty plea made him subject to deportation. *Padilla*, 559 U.S. at 368-69.

Currently, Walker is being detained by ICE, and deportation proceedings have commenced against him. However, despite his detention, Walker does not claim that he is currently serving the instant underlying

_____

[6]  It is unclear when Walker's actual imprisonment concluded; however, on August 1, 2013, Walker acknowledged that he completed his sentence. Motion for *Writ of Error Coram Nobis*, 8/1/2013, at 3.

sentence. Although Walker's June 12, 2013, PCRA petition was filed prior to the conclusion of his sentence, Walker is no longer eligible for PCRA relief because his sentence is completed. *See Commonwealth v. Stultz*, 2015 WL 1905792, *2 (Pa. Super. filed Apr. 28, 2015) (holding that a petitioner becomes ineligible for PCRA relief as soon as his sentence is completed, regardless of whether he was serving his sentence when he filed the petition). Furthermore, deportation is not a sentence pursuant to the PCRA, thus, Walker is not serving a sentence pursuant to which the PCRA could grant him relief. *See Commonwealth v. Descardes*, 101 A.3d 105, 108 (Pa. Super. 2014), *appeal granted in part*, 112 A.3d 1207 (Pa. 2015) *and appeal denied*, 113 A.3d 278 (Pa. 2015).[7]

Walker's claims of ineffective assistance of counsel fall squarely within the purview of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). In *Descardes*, the appellant's ineffective assistance of counsel claim was barred because his sentence had concluded prior to the decision in *Padilla*, 559 U.S. 356; thus, the court lacked jurisdiction to grant him PCRA relief. *Descardes*, 101 A.3d at 109 (holding that *Padilla* did not apply retroactively on collateral review). Because the appellant in *Descardes* could not argue for the application of the holding in *Padilla* in his PCRA

_____

[7] Our Supreme Court has granted a petition for allowance on appeal regarding a single issue; however, *Descardes* remains applicable to the case *sub judice*. *See Descardes*, 112 A.3d 1207 (Pa. 2015).

petition before his sentence concluded, the Court acknowledged the appellant's petition for writ of error *coram nobis* was the only avenue available to provide the appellant relief. ***Id.***

Here, ***Padilla*** was decided nearly three years before Walker's June 13, 2013, PCRA petition. Consequently, Walker invokes ***Padilla*** to argue his PCRA claim of ineffective assistance of counsel. ***See*** Brief for Walker at 13-14, 16. Notwithstanding the fact that Walker's ineffective assistance of counsel claim is a cognizable PCRA claim pursuant to the holding in ***Padilla***, Walker has failed to overcome the preliminary jurisdictional mandate that he be serving the underlying sentence in order to be eligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i); ***Stultz***, 2015 WL 1905792, *2 (finding the appellant ineligible for PCRA relief because his sentence expired).

It is well-settled that "[d]eportation is not a sentence" under the PCRA. ***Descardes***, 101 A.3d at 108. Accordingly, even though Walker is currently detained by ICE, he is not serving the underlying sentence, and we lack jurisdiction to review Walker's appeal. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i). Walker is not eligible for PCRA relief, and we lack jurisdiction to address the merits of his claims.

We note that our reasoning differs from that of counsel and that of the PCRA court. However, we may affirm the PCRA court's order on any basis. ***See Commonwealth v. Reed***, 107 A.3d 137, 144 (Pa. Super. 2014) (affirming PCRA court and granting petition to withdraw on grounds different than those presented). In light of our conclusion that Walker is ineligible for

PCRA relief under 42 Pa.C.S.A. § 9543(a)(1)(i), and our determination that counsel has complied substantially with the **Turner**/**Finley** requirements, we conclude that Walker's appeal lacks merit. **See Doty**, 48 A.3d at 454.

Furthermore, we have conducted our own independent review of the certified record and have uncovered no additional meritorious issues. Thus, we grant counsel's application to withdraw, and we affirm the order of the PCRA court.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015